IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN BETTENDORF,

                                                 OPINION AND ORDER

                Plaintiff,

                                                 08-cv-656-bbc

    v.

ST. CROIX COUNTY and
WISCONSIN MUNICIPAL
MUTUAL INSURANCE
COMPANY,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff John Bettendorf brought this civil action against defendants St. Croix County and Wisconsin Municipal Mutual Insurance Company, seeking damages for alleged violations of his federal constitutional rights to due process and enjoyment of his property and his state constitutional right against unauthorized taking of his property.  (Because defendant Wisconsin Municipal is sued only as the county's insurer and has no other stake in the case, all further references to "defendant" will be to the county.  In fact, it is questionable whether Wisconsin Municipal should have been named in this action. Wisconsin allows direct actions against insurers only in negligence actions.  Wis. Stat. §§

1

632.24; 803.04(2).)

The case arises out of a dispute between the parties over the zoning of plaintiff's property, which was zoned agricultural-residential when plaintiff acquired it. In 1985, the county agreed to a request from plaintiff to have it rezoned as commercial, but only for the time that plaintiff continued to own it. If he died or transferred the property, it would revert to its original agricultural-residential status. The inevitable happened: plaintiff constructed buildings on the land that he used for several commercial enterprises; the time came when he wanted to sell the property; and defendant refused to make the conditional use permanent.

Plaintiff brought suit against defendant in state court but was unsuccessful. The state court of appeals held that defendant had no authority to agree to a conditional zoning and that its act had been void from the beginning. Plaintiff then turned to federal court for relief. Although it is not easy to make out what federal claims he is raising, he seems to be contending that he is entitled to damages for the denial of his federal due process rights and for the deprivation of his federal and state rights to use and enjoy his land.

The case is before the court on two motions filed by defendant: a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) and a motion for summary judgment under Rule 56. Under Rule 12(b)(6), defendant argues that this court is barred from hearing the dispute by the Rooker-Feldman doctrine, which prevents federal courts from exercising

2

jurisdiction over cases brought by the losing parties in state court. As a fallback, defendant contends that the doctrines of claim and issue preclusion prevent plaintiff from prevailing on his claims in this court.

It is not necessary to discuss the Rooker-Feldman doctrine in any detail because it is inapplicable in this context. Plaintiff is not seeking to have this court reopen his state court cases or even review them; he acknowledges that the conditional zoning was void, as the state court ruled and now seeks damages for the losses he incurred as a result of defendant's actions related to the conditional zoning. Although Rooker-Feldman does not bar plaintiff's suit, defendant is correct when it argues in its motion for summary judgment that plaintiff has no claim for damages based on a denial of his federal constitutional right to due process because he has received ample due process from the state courts. Moreover, he has no claim for damages for a governmental taking both because he has not lost all of the economically beneficial use of his property and because he had no vested right in the commercial zoning of his land; and for the same reasons (no loss of all the value of his land and no vested right to the commercial zoning determination), he has no claim for damages for the alleged violation of his rights under the Wisconsin constitution. Therefore, I will grant defendant's motion for summary judgment. This makes it unnecessary to consider defendant's motion to dismiss on the grounds of claim and issue preclusion.

From the facts proposed by the parties, I find that the following are both undisputed

3

and relevant.

## UNDISPUTED FACTS

Plaintiff is a Wisconsin resident. Defendant St. Croix County is a municipal entity and local government as defined by Wisconsin law.

Plaintiff owns property located in St. Croix County. In 1972, he began two carpet sales and installation businesses out of his basement. By 1974, he was operating five companies on the property, including the two carpet companies, an auto restoration and repair company, an excavating company and a trucking company. In 1975, defendant issued plaintiff a special exception permit for a shop building that could be used for carpet storage and a permit for the carpet shop. Plaintiff spent $16,712.24 on the construction of the shop building.

In December 1984, plaintiff applied to the county to rezone his property from ag-residential to commercial, so that he could operate his trucking business. In 1985, the county's Comprehensive Planning, Zoning and Parks Committee approved the application on the condition that the rezoning was for plaintiff's use only and was not assignable. On March 12, 1985, ordinance no. 108(85) was passed unanimously, adopting the conditional rezoning. Plaintiff has used the property for commercial purposes ever since.

On June 25, 1990, plaintiff obtained a commercial building permit from the township in which the property is located, allowing him to build a commercial warehouse on his property. After he had ordered the building, prepared the site and poured cement, the town board chairman asked him to stop the project because a neighbor had objected. The town board rescinded the commercial permit because the county records still showed the land as zoned Ag-Residential. When the town rescinded the building permit, plaintiff applied to the county for a special exception permit, which was granted by the St. Croix County Board of Adjustments on December 20, 1990, without conditions. Plaintiff spent $70,464.30 for the shop building and improvements. Since 1990, he has spent more than $450,000 for costs and improvements associated with constructing and improving the warehouse.

In 2003, plaintiff was considering the sale of his property and met with defendant to discuss the interpretation of the ordinance. After the parties were unable to agree on the interpretation, plaintiff filed an action against defendant in 2004, seeking a declaratory judgment that the change of ownership clause in Ordinance No.108(85) was invalid and severable from the zoning ordinance. On June 18, 2004, defendant filed an answer in the case, admitting that rezoning a property solely for the duration of ownership was beyond its power and alleging that the provisions of the ordinance were not severable and that the ordinance had been void from the day of enactment in March 1985. On March 23, 2005, the Circuit Court for St. Croix County found in favor of plaintiff, holding that the change

5

of ownership provision was invalid but that the condition was severable.

Defendant appealed the circuit court decision. On August 31, 2006, the Wisconsin Court of Appeals reversed that part of the circuit court's decision finding the condition severable. Instead, it held the ordinance void in its entirety. Plaintiff petitioned the Supreme Court of Wisconsin for review, but his petition was denied.

On July 27, 2007, the Circuit Court for St. Croix County entered a revised judgment and order, rescinding the commercial zoning of plaintiff's property and vacating the special permit. Plaintiff appealed the judgment, arguing that the court had erred in refusing to hear additional arguments after remand, including his affirmative defenses to defendant's counterclaim. On May 21, 2008, the court of appeals affirmed the circuit court judgment.

OPINION

Plaintiff contends that he has been damaged by the denial of his due process rights to a fair hearing on the refusal to make his commercial zoning permanent. In particular, plaintiff maintains that defendant denied him his full rights by failing to follow an alternative procedure for review set out in the county ordinances. This is not a persuasive argument. It was not defendant who failed to follow the alternative procedures, but plaintiff, who made the decision to go straight to court to complain about defendant's position on his request for permanent rezoning. Defendant denied plaintiff his requested change in zoning.

6

Plaintiff had a right to contest the denial and did so. He has made no showing that the remedies he utilized (a suit in the state circuit court, followed by review of the circuit decision by the state court of appeals and an opportunity to petition for a hearing by the state supreme court) were inadequate. Hudson v. Palmer, 468 U.S. 517, 539 (1984) (O'Connor, concurring) (citing Parratt v. Taylor, 451 U.S. 527, 537-44 (1984)). That alternative remedies might have existed is irrelevant. Plaintiff chose a separate, constitutionally adequate path: state court review. He has not identified any relevant, viable issue he was prevented from raising once he took that path.

      Plaintiff says he could not raise the issue of damages in state court because no damages accrued until the court ruled that the 1985 ordinance was invalid, but this is not a convincing argument. It was plaintiff who framed his complaint as one for declaratory relief only, rather than including a claim for money damages arising from defendant's decision to deny him a permanent change in zoning. In any event, the issue is moot. No reasonable jury could find that plaintiff was denied due process in his zoning dispute and, as a consequence, none could find that he was damaged.

      In his brief in opposition to defendant's motion to dismiss, plaintiff says that he is suing for "injury caused by defendant's unconstitutional actions in conditioning the rezoning and years later in acting to void the rezoning and permit which it had granted." Dkt. #30, at 5. Plaintiff may be trying to allege a due process claim of arbitrary and capricious action

by defendant; if so, he has failed. First, it is too late to contest any allegedly unconstitutional act by defendant in 1985. As defendant has argued, the adoption of an ordinance has immediate economic consequences for a land owner; the time for challenging it was within the state period of limitations. In Wisconsin, the most generous period is six years. Eternalist Foundation v. City of Platteville, 225 Wis. 2d 759, 772, 593 N.W.2d 84 (1999); see also Scott v. City of Siourx City, 432 N.W.2d 144, 148 (1988). Second, if plaintiff is suggesting that defendant lulled him into thinking he could develop his property as commercial and keep it that way despite the language of the ordinance, he has neither made the argument in this court nor shown why he could not have raised it in state court.

As to defendant's alleged voiding of the rezoning and 1990 permit, the undisputed facts show that it was not defendant but the state court that took this action and that it did so in response to the legal challenge that plaintiff brought. In his brief, plaintiff disclaims any intention to contest the state court's ruling on the validity of the 1985 rezoning or the 1990 permit. Dkt. #30 at 6. Obviously, this disclaimer is an effort to avoid the preclusive effect of the prior court ruling, but if defendant was not the cause of plaintiff's alleged injuries and plaintiff cannot sue the state court, what is he suing about?

Plaintiff bases his second claim on an alleged denial of his Fourteenth Amendment right to acquire, own, enjoy and dispose of his property and to be free from arbitrary and capricious land use regulation. This claim takes a little sorting out. The Fourteenth

8

Amendment prohibits the government from depriving any person of his or her property "without due process of law." This phrase has been interpreted to mean both that persons is entitled to a full and fair hearing before their property is taken and that they are free from arbitrary and capricious governmental actions. <u>Hudson</u>, 468 U.S. at 539; <u>Lingle v. Chevron U.S.A. Inc</u>., 544 U.S. 528, 543 (2005). As I have found, plaintiff has not shown that he has been deprived of any property without due process of law in either application. He was not denied a full and fair hearing on his claim for permanent commercial zoning and the state courts have determined that he was not the victim of arbitrary and capricious governmental action. (Plaintiff contends in his brief in response to defendant's motion for summary judgment that defendant denied him the equal protection of the laws, but he never alleged this in his complaint or proposed facts to support a finding to this effect, so I will disregard the contention.)

If plaintiff is alleging a "taking" under the Fourteenth Amendment, he remains stymied by at least two obstacles: his inability to show that it was defendant that prevented him from using, enjoying and disposing of his property and the fact that he was not deprived of any true right or interest. He acquired land zoned as ag-residential. He persuaded defendant to rezone it commercial and agreed to the condition that the rezoning would not be permanent. He has not shown he had anything more than an expectation or hope that the zoning would become permanent before he sold it. He has proposed no fact suggesting

9

that defendant ever misled him about the status of the zoning. Although defendant granted him a special exception permit to build a large barn, plaintiff has proposed no facts about the permit process or the permit itself to show that he would have been justified in believing that his zoning was no longer conditional.

Knowing that the land was zoned as commercial only for as long as he owned it, plaintiff expended money on improvements. He has not suggested that the expenditures were not made of his own free will. He cannot attribute to defendant the unhappy result that he is left with improvements that have little or no value if they cannot be used for commercial purposes. It was plaintiff that agreed to the conditional zoning. Thus, even if the courts had ruled that the ordinance was valid, plaintiff's situation would not have changed. He would still be unable to convey his land as commercial property.

To recover on a takings claim, plaintiff would have to prove not only that it was defendant that is responsible for the diminished value of his property, but that defendant's actions deprived him of all economically beneficial use of the land. Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1019 (1992) ("when the owner of real property has been called upon to sacrifice *all* economically beneficial uses [of his land] in the name of the common good, that is, to leave his property economically idle, he has suffered a taking"). The courts' decisions left plaintiff with land that is still zoned for agricultural or residential use. The value of the land may be diminished but it is not lost entirely, so he has not

10

suffered a taking within the meaning of the Constitution. Lucas would pose another obstacle to his claim. The Court held in that case that a state does not have to pay compensation to a landowner even when its regulations deprive the land of all economically beneficial use, if the "logically antecedent inquiry into the nature of the owner's estate shows that the proscribed use interests were not part of his title to begin with." Id. at 1027. Plaintiff has never had an unconditional interest in a zoning for commercial use of his property.

Wisconsin law follows the federal law in the takings area, with a few exceptions that are not relevant to this case. The Wisconsin courts have held that a "taking" does not occur unless the act or regulation deprives the land of all economically beneficial use. Eternalist Foundation,, 225 Wis. 2d at 773, 593 N.W.2d 84(standards by which Wisconsin courts determine whether government action constitutes taking of property are same under state and federal constitutions) (citing Zealy v. City of Waukesha, 194 Wis. 2d 701, 709 n.3, 534 N.W. 2d 917, 920 (Ct. App. 1995). Therefore, because plaintiff cannot show he has lost the entire economic value of his land, he could not succeed on a claim for damages resulting from a violation of the state constitution caused by the voiding of Ordinance No. 108(85), even if he could prove that defendant was responsible for that act.

## ORDER

IT IS ORDERED that (1) the motion to dismiss filed by defendants St. Croix County

11

and Wisconsin Municipal Mutual Insurance Company is DENIED; and (2) defendants' motion for summary judgment is GRANTED. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 15th day of January, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge